IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LAVELLE A. KRUDWIG                                                                                    PLAINTIFF

VS.                                            CASE NO. 06-CV-4038

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY                                                                                DEFENDANT

## ORDER

Before the Court is Plaintiff Lavelle A. Krudwig's Motion to Dismiss. (Doc. 19). Defendant Hartford Life and Accident Insurance Company ("Hartford") has responded. (Doc. 20). The matter is ripe for consideration.

Krudwig seeks a voluntary dismissal because she no longer desires to pursue her lawsuit against Hartford. Hartford, in its response, indicates that it does not oppose Krudwig's motion, but insists that the dismissal be with prejudice and that Krudwig pay Hartford's reasonable attorney fees. Fed. R. Civ. P. 41(a)(1) provides, in relevant part, that "an action may be dismissed by the plaintiff without order of court...by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment." The fact that Krudwig styled her request as a motion rather than a notice of dismissal is irrelevant. *Williams v. Clarke*, 82 F.3d 270, 272 (8th Cir. 1996); 9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, CIVIL § 2363, n. 33 (2d ed. 1994). The appropriate inquiry for the Court is limited to whether an answer or a motion for summary judgment was filed before the notice of voluntary dismissal. *Safeguard Business Systems, Inc. v. Hoeffel*, 907 F.2d 861 (8th Cir. 1990). In responding to the motion to dismiss, Hartford makes clear that it has "never filed an answer in this case." (Doc. 20, pg. 2). Thus, Krudwig could have filed a notice of dismissal and obtained her desired result without the intervention of the Court.

Accordingly, the Court will treat Krudwig's Motion to Dismiss as a notice of voluntary dismissal under Fed. R. Civ. P. 41(a)(1). Hartford does not allege, nor is the Court aware that Krudwig has once before brought and dismissed this action. Therefore, the dismissal in this case is without prejudice. Fed. R. Civ. P. 41(a)(1); *Williams*, 82 F.3d at 272. The effect of a voluntary dismissal without prejudice is to "render the proceedings a nullity and leave the parties as if the action had never been brought." *Smith v. Dowden*, 47 F.3d 940, 943 (8th Cir. 1995). It follows that each party will bear its own costs.

## CONCLUSION

For the foregoing reasons, Plaintiff Lavelle A. Krudwig's Motion to Dismiss should be and hereby is **GRANTED**. This action is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 21st day of September, 2006.

      /s/Harry F. Barnes
    Hon. Harry F. Barnes
    United States District Judge